1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                 FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8  CONNOR SPORT COURT                )
   INTERNATIONAL, LLC, a Delaware    )    2:11-cv-03161-GEB-KJN
9  Corporation,                      )
                                     )
10              Plaintiff,           )    ORDER TO SHOW CAUSE AND
                                     )    CONTINUING STATUS (PRETRIAL
11         v.                        )    SCHEDULING) CONFERENCE
                                     )
12 DRYCO CONSTRUCTION, INC., a       )
   California Corporation,           )
13                                   )
                Defendant.           )
14 _____ )

15         The  November  30,  2011,  Order  Setting  Status  (Pretrial

16 Scheduling) Conference scheduled a status conference in this case on

17 March 26, 2012, and required the parties to file a joint status report

18 no later than fourteen (14) days prior to the scheduling conference. The

19 November 30, 2011, Order further required that a status report be filed

20 regardless of whether a joint report could be procured. No status report

21 was filed as ordered.

22         Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a

23 writing to be filed no later than March 23, 2012, why sanctions should

24 not be imposed against it and/or its counsel under Rule 16(f) of the

25 Federal Rules of Civil Procedure for failure to file a timely status

26 report. The written response shall also state whether Plaintiff or its

27

28

                                    1

counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on April 23, 2012, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated:  March 16, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1]    "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).